# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

CHARLOTTE SCHOOL OF LAW, LLC, and
INFILAW CORPORATION,

    *Plaintiffs*,

    v.

AMERICAN BAR ASSOCIATION; COUNCIL OF
THE SECTION OF LEGAL EDUCATION AND
ADMISSIONS TO THE BAR, AMERICAN BAR
ASSOCIATION; and ACCREDITATION
COMMITTEE OF THE SECTION OF LEGAL
EDUCATION AND ADMISSIONS TO THE BAR,
AMERICAN BAR ASSOCIATION,

    *Defendants*.
_____/

Case No. 3:18-cv-00256-GCM

U.S. District Judge Graham C. Mullen

## PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Charlotte School of Law, LLC and InfiLaw Corporation (collectively, "Charlotte") hereby respond to the Notice of Supplemental Authority Relevant to the ABA's Pending Motion to Dismiss (Doc. 32) ("Notice").

The ABA's motion to dismiss should be denied because (a) the ABA does not dispute that Charlotte's complaint states a viable due process claim and (b) the ABA cannot show that, as a matter of law, Charlotte cannot obtain any relief whatsoever for its due process claim. The ABA's Notice does not change either (a) or (b).

As observed in the Opposition to Defendant's Motion to Dismiss (Doc. 27) ("Opp."), the ABA does not deny that Charlotte has stated a due process claim. *See* Opp. 1, 6. The ABA's argument for dismissal is that, even if Charlotte has a viable due process claim, as a matter of law the Court can offer Charlotte no remedy for the ABA's due process violation. But the

ABA's argument ignores the bedrock principle, "taught in the first year of every law school in the United States," *R.W. v. Ga. Dep't of Educ.*, 2007 WL 2915911, at *5 (N.D. Ga. 2007), that for every right there is a remedy. *See*, *e.g.*, *United States v. Ugalde*, 861 F.2d 802, 810 (5th Cir. 1988) ("We must ensure that for every right there is a remedy ….") (citing *Marbury v. Madison*, 5 U.S. 137, 163 (1803)). The ABA's argument also inverts the ordinary sequence in which the court considers remedies *after* liability is determined.

In its Notice, the ABA seeks to bolster its argument that Charlotte "cannot obtain any injunctive relief here." Notice at 3. That argument fails, as explained below. But even if injunctive relief were not available, the motion to dismiss should be denied because Charlotte may obtain damages and declaratory relief. *See* Opp. 15-19. Nothing in the ABA's Notice relates to damages or declaratory relief.

In terms of injunctive relief, Charlotte's complaint asks the Court to order the ABA "to return Charlotte to the accreditation status it had prior to the ABA's due process violation." Compl., Prayer for Relief ¶ (c) (Doc. 1). The ABA's Notice quotes one line in a brief filed in *Barchiesi* in which Charlotte stated that "[e]ven if the ABA were forced to revoke its probation, [Charlotte] could not resume operations because it has no state license or access to federal student loans." Notice at 3. But the ABA misses the point. Charlotte does not contend that enjoining the ABA would allow Charlotte to resume operations. But ordering the ABA to return Charlotte to the accreditation status it had before the ABA's due process violation would, as Charlotte stated in its complaint, "make it possible for Charlotte to begin the process of attempting to obtain the approvals necessary to resume operating as a law school." Compl. ¶ 132; *see also* Opp. 20.

The ABA also argues that recent developments regarding Arizona Summit Law School

2

and Florida Coastal School of Law mean that the injunctive relief sought by Charlotte would not benefit those schools. *See* Notice at 2-3. Both Arizona Summit and Florida Coastal elected to dismiss suits they had filed against the ABA; each school had its reasons for doing so, and those decisions have no bearing on this case. Arizona Summit has not yet ceased operations, but is in the process of completing an ABA-approved teach-out. Florida Coastal is operational and ABA-accredited and expects to remain that way. Charlotte's complaint asks the Court (1) to bar the ABA from enforcing its vague accreditation standards and (2) to require the ABA "to adhere to all of the requirements of due process in all future accreditation proceedings." Prayer for Relief ¶¶ (d)-(e). Either injunction clearly would benefit Florida Coastal, which is an InfiLaw school. Florida Coastal is still subject to the ABA's accreditation process. The fact that Florida Coastal has dismissed its suit against the ABA does not change that.

The ABA's motion to dismiss should be denied.

Respectfully submitted,

/s/ R. Lee Robertson, Jr.
North Carolina Bar No. 44749
ROBERTSON & ASSOCIATES, P.A.
2730 East WT. Harris Blvd., Suite 101
Charlotte, N.C. 28213-4108
(704) 597-5774
lee.robertson@rlrobertson.com

Paul D. Clement*
H. Christopher Bartolomucci*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
paul.clement@kirkland.com
cbartolomucci@kirkland.com
*Admitted *pro hac vice*

*Counsel for Plaintiffs Charlotte School of Law, LLC and InfiLaw Corporation*

Dated: March 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2019, I electronically filed Plaintiffs' Response to Defendants' Notice of Supplemental Authority with the Clerk of the Court using CM/ECF and that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ R. Lee Robertson, Jr.
R. Lee Robertson, Jr.